IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALLAH BURMAN,

      Petitioner,

v.                                                    Civil Action No.: 5:16–CV–14
                                                           (JUDGE BAILEY)

ATTORNEY GENERAL,

      Respondent.

# REPORT AND RECOMMENDATION

## I. BACKGROUND

On February 1, 2016, the clerk at the Martinsburg point of holding Court, received a pleading titled "Application for Motion to Challenge 18 U.S.C. § 4107 Verification of Consent of Offender to Transfer from the United States." Petitioner challenges his transfer from "his country - Maryland Republic" to the United States. According to his cover letter, Petitioner is incarcerated at FCI-Gilmer, within the State of West Virginia.

## II. ANALYSIS

A district court should construe *pro se* petitions liberally, no matter how unskillfully pleaded. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). "Although the pleading requirements are construed liberally, [l]iberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader. If it fails to do so, a motion under Rule 12(b)(6) will be granted." *Minone v. McGrath*, 435 F. Supp. 2d 266, 270 (S.D.N.Y. 2006) (internal quotations omitted).

Title 28 United States Code Section 1915A states:

**(a)** **Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b)** **Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -

**(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

**(2)** seeks monetary relief from a defendant who is immune from such relief.

18 U.S.C. 4107(a) states:

**(a)** Prior to the transfer of an offender from the United States, the fact that the offender consents to such transfer and that such consent is voluntary and with full knowledge of the consequences thereof shall be verified by a United States magistrate judge or a judge as defined in section 451 of title 28 United States Code.

Petitioner's Motion is unintelligible. It appears he challenges "his transfer from his Country - Maryland Republic to the United States." 18 U.S.C. 4107(a) concerns the transfer of an offender *from* the United States not *to* the United States. Maryland is a state within the United States–not another country. For relief, Petitioner seeks a hearing within forty-eight hours and that he be discharged and sent back to the sending country.

In summary, the Petitioner rambles incoherently and does not assert any factual allegations

2

demonstrating a valid basis for relief that this Court has the authority to grant.

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Motion [ECF No. 1] hereby be **DENIED AS UNINTELLIGIBLE** and dismissed from the docket.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28  U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.1984), *cert. denied* 467 U.S. 1208 (1984).

The Clerk is DIRECTED to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: February 16, 2016

/s/ *James E. Seibert*
JAMES E. SEIBERT
U.S. MAGISTRATE JUDGE